Dennis HOULE, Petitioner,

v.

NORTH DAKOTA DISTRICT COURT, BURLEIGH COUNTY, SOUTH CENTRAL JUDICIAL DISTRICT, Respondent.

Civ. No. 9789.

Supreme Court of North Dakota.

June 18, 1980.

Benjamin C. Pulkrabek, Mandan, for petitioner.

John M. Olson, State's Atty., Bismarck, for respondent; argued by Asst. State's Atty. Rolf P. Sletten, Bismarck.

SAND, Justice.

The defendant, Dennis Houle, contending that he had no adequate speedy remedy at law, petitioned this Court for an appropriate writ directing the district court to grant his motion for change of venue in Houle's trial for murder from Bismarck, Burleigh County, to preferably Fargo, Cass County, North Dakota. The petitioner alleged the existence of massive, pervasive, and prejudicial publicity in the Bismarck area which will prevent him from being afforded a fair trial in Burleigh County. The petition also requested a temporary stay order of all proceedings in the trial court until the change of venue issue is resolved, which request was granted on 21 May 1980.

On 19 Mar 1980, Dennis Houle was arrested and charged with the crime of murder. A preliminary hearing in the matter was held before the Burleigh County Court of Increased Jurisdiction on 2 Apr 1980, and Houle was bound over for trial in the district court. He was arraigned on 9 Apr

1980 at which time he entered a plea of not guilty to the charge. Thereafter, on 11 Apr 1980, Houle moved the district court for an order transferring venue of the trial from Burleigh County on the ground that there existed such great prejudice against Houle in Burleigh County that he could not receive a fair and impartial trial.

A hearing was held on the change of venue motion on 28 Apr 1980. At that hearing, five representatives of the Bismarck news media testified as to the quantity and magnitude of the coverage given the Houle case. The testimony evidenced that reports of the Houle case were broadcast periodically on both radio and television between 18 Mar 1980 and 17 Apr 1980, and printed in the local newspaper on 12 occasions between 19 Mar 1980 and 24 Apr 1980. The witnesses also agreed that each of the various news reports addressed only the facts surrounding the alleged murder and the legal proceedings relating thereto, but did not contain any editorial comments about the case from the broadcasters or writers. The motion for change of venue was denied by the district court and trial has tentatively been set for 7 July 1980.

On 21 May 1980 Houle petitioned this court for an appropriate writ set out earlier herein.

■ In *Olson v. North Dakota District Court, Etc.*, 271 N.W.2d 574 (N.D. 1978), we established that in an original proceeding for a change of venue the appellate court must make an independent review of the record, giving appreciable weight to the trial court's findings of fact, to determine if a reasonable likelihood of prejudice exists. See, *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Thus, in the instant case it is our obligation to independently examine the evidence in the record and determine whether or not there is a reasonable likelihood that Houle cannot receive a fair trial in Burleigh County.

Rule 21(a) of the North Dakota Rules of Criminal Procedure provides as follows:

"(a) For Prejudice in the County or Municipality. The court upon motion of the defendant shall transfer the proceeding as to him to another county or municipality whether or not such county or municipality is specified in the defendant's motion if the court is satisfied that there exists in the county or municipality where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial."

Thus, the ultimate question to be decided by the court is whether or not it is possible to select a fair and impartial jury. The explanatory notes to Rule 21, N.D.R. Crim.P., list four factors to be considered by the Court in determining whether or not pretrial publicity renders it impossible to select a fair and impartial jury: (1) whether or not the publicity was recent, widespread, and highly damaging to the defendant; (2) whether or not the prosecution was responsible for the objectionable material, or if it emanated from independent sources; (3) whether or not an inconvenience to the prosecution and the administration of justice will result from a change of venue or continuance; and (4), whether or not a substantially better panel can be sworn at another time or place.

■ This Court recently added four more factors to assist in judicial determinations of whether or not pretrial publicity warrants a change of venue. These additional considerations are: (1) the nature and gravity of the offense; (2) the size of the community; (3) the status of the defendant in the community; and (4) the popularity and prominence of the victim. *State v. Engel*, 289 N.W.2d 204 (N.D. 1980); *Olson v. North Dakota District Court, Etc., supra.*

By the time the tentative 7 July 1980 date of the Houle murder trial arrives, the newspaper articles and television and radio broadcasts in issue in this case will be from three to four months old. There will also undoubtedly be more news reports regarding the case when this opinion is released and the trial proceeds. Because of the severity of the charge of the crime of murder, even given the fact that both the victim and the accused were relative unknowns outside of their respective families and circles of friends, it is a virtual certainty that

newspaper, radio and television coverage of the Houle trial would follow it even to the far corners of this State. We do not question, therefore, that the publicity in the Houle case was and will continue to be very proximate in time to the trial. It is also unquestionable that all of the publicity at issue was disseminated in the very geographic area from which a Burleigh County district court jury would be selected. These facts alone, however, do not dictate a change of venue from Burleigh County.[1]

■ Publicity per se is not necessarily prejudicial or damaging to a criminal defendant. As an example, persons seeking public office welcome publicity. Before a change of venue because of pretrial publicity is proper, it must be shown that the publicity was in fact prejudicial to the defendant. It is therefore not the quantity of media coverage which controls a change of venue motion, but rather the likelihood that any degree of adversity toward the defendant which was caused by that publicity will prevent him from receiving a fair trial.

■ The record before us in the instant case did not support a conclusion that the television, radio, and newspaper reports at issue constituted prejudicial pretrial publicity against Houle. The testimony of the five media witnesses showed that the reports were all either factual accounts of the incidents which surrounded the alleged murder and the apprehension of the defendant, or statements of the various legal proceedings and their outcome in this case. Thus, the information in the challenged news reports was much the same as would be given any prospective juror when the criminal complaint was read and the opening argument of counsel made.

Nevertheless, we realize that there may be some people called as prospective jurors who do harbor bias or prejudice against

Houle and who therefore must be precluded from becoming jurors. This will be true regardless of where the trial is held. We believe that this bias or prejudice can be adequately exposed and remedied during voir dire. As we stated in footnote 1 in *Olson v. North Dakota District Court, Etc.*, *supra*, "We cannot comment on jurors in other states, but until reliable evidence is presented to the contrary we will continue to believe that the jurors in our state have high regard and respect for the truth and the oath."

There were no allegations made in this case either that the prosecution was responsible for the allegedly objectionable information or that there would be an inconvenience to the prosecution and the administration of justice resulting from a change of venue and we therefore need not comment on these Rule 21 considerations.

Based on the foregoing reasons, we conclude that the pretrial publicity in this case was not prejudicial to Houle and therefore will not prevent him from obtaining a fair and impartial trial in Burleigh County. The decision of the district court is affirmed. Houle's request for a writ directing the district court to grant his motion for a change of venue is denied, and the stay order issued by this Court is vacated.

The material presented in the motion to dismiss the appeal dated 9 June 1980 was not considered by this Court in this opinion. This case was remanded at the time the motion to dismiss the appeal was denied.

ERICKSTAD, C. J., and VANDE WALLE, PAULSON and PEDERSON, JJ., concur.

---

1. This case must be distinguished from *Olson v. North Dakota District Court, Etc.*, 271 N.W.2d 583 (N.D. 1978), wherein we granted a similar petition to change venue because of prejudicial pretrial publicity. In *Olson*, the district court made an initial determination that the defendant could not receive a fair and impartial trial in Cass County and changed the venue of the trial to Richland County, 55 miles to the south, but still within the geographical dissemination area of the prejudicial pretrial publicity. We ordered the venue changed to the more distant Ward County on the grounds that the venue change should be made to a community that has escaped as near as practicable the influences of the pretrial publicity.