**Elmer L. HORST, on behalf of himself and all others similarly situated, Plaintiff/Appellee,**

**v.**

**Hon. William L. GUY, as Governor of the State of North Dakota and as Commander-in-Chief of the Military and Naval Forces of the State of North Dakota; and Major General LaClair A. Melhouse, as the Adjutant General in and for the State of North Dakota, Defendants/Appellants.**

**Civ. No. 9008.**

Supreme Court of North Dakota.

June 4, 1974.

Paul M. Sand, Asst. Atty. Gen., Bismarck, for defendants/appellants.

Maurice R. Hunke, Dickinson, for plaintiff/appellee.

TEIGEN, Judge.

This is the sequel to Horst v. Guy, 211 N.W.2d 723 (N.D.1973), and involves the construction and validity of the Vietnam Conflict Veterans' Adjusted Compensation Act (Chapter 37–25, N.D.C.C.). This is an action which Horst, on behalf of himself and all others similarly situated, has brought against the Governor and the Adjutant General of the State of North Dakota for the purpose of securing payment of adjusted compensation (veteran's bonus) under the Act. In our former opinion we held: (1) that the action was maintainable as a class action; (2) that Section 37–25–02(8)(d), N.D.C.C., limiting payments of adjusted compensation, is constitutional and is not violative of Sections 11 and 20 of the North Dakota Constitution or Section 1 of the Fourteenth Amendment to the United States Constitution; and (3) that the trial court's order allowing the payment of attorney fees from adjusted compensation, payable to those persons who may become entitled thereto as a result of this action, was proper. However, we remanded the case to the district court for the determination of two issues left undecided by that court in its first opinion. These issues have now been resolved by that court on remand and it is from this ruling that this appeal is taken.

One issue involves the validity of a regulation promulgated by the adjutant general, and the other involves interpretation of the statute.

As background for the discussion to follow, we think it well to quote from the sa-

lient parts of the Act. Section 37–25–01, N.D.C.C., provides:

"This chapter shall be known and may be cited as the 'Vietnam Conflict Veterans' Adjusted Compensation Act'."

And Section 37–25–02, N.D.C.C., provides, in part:

"37–25–02. Definitions.—As used in this chapter:

"1. 'Period of service' means the period of time beginning August 5, 1964, and ending on a date prescribed by the President or the Congress for the cessation of hostilities in Vietnam.

"2. 'Veteran' means a man or woman who served honorably and faithfully for more than sixty days on active duty in the armed forces of the United States, at any time during the period of service, and who was a resident of the state of North Dakota at the time of entering upon such duty and for at least six months prior thereto, and who has not received bonus or adjusted compensation from another state for the period of service.

\* \* \* \* \* \*

"4. 'Honorable and faithful service' shall be such service as is evidenced by:

"a. An honorable discharge, or its equivalent;

"b. In the case of an officer, a certificate of service; and

"c. In the case of a veteran who has not been discharged, a certificate from appropriate service authority that his service was honorable and faithful.

\* \* \* \* \* \*

"7. 'Adjutant general' means the adjutant general of the state of North Dakota.

"8. 'Resident' means a person who has acquired a status as follows:

"a. Was born in and lived in the state of North Dakota until entrance into the armed forces of the United States;

"b. Was born in, but was temporarily living outside the state of North Dakota, not having abandoned residence therein prior to entrance into the armed forces of the United States; or

"c. Was born elsewhere but had resided within the state of North Dakota for at least six months prior to entrance into military service and had prior to or during such six-month period:

"(1) Registered for voting, or voted in the state of North Dakota;

"(2) Being an unemancipated minor during such period of residence, had lived with a parent or person standing in loco parentis who had acquired a residence as set forth in this section; and

"(3) If not registered for voting in the state of North Dakota, was not registered for voting in another state, and had resided in the state of North Dakota for at least six months prior to entrance into the armed forces of the United States.

"d. In all other cases where the veteran was a bona fide resident of the state of North Dakota at the time of entering the armed forces as determined in accordance with the rules and regulations of the adjutant general and the laws of the state of North Dakota. No person shall be considered a resident of North Dakota for the purpose of receiving any benefits under this act if he was on continuous active duty in the armed forces for a period of fifteen years or more, imme-

diately prior to August 5, 1964, and has not established actual abode in North Dakota prior to the effective date of this chapter."

Section 37–25–08, N.D.C.C., provides:

"37–25–08. Duty of adjutant general —Finality of decisions—Questions of residence subject to court review.—For the purpose of carrying into effect the provisions of this chapter, the adjutant general is charged with the administration thereof, and for that purpose he shall prepare and distribute application blanks, investigate all claims and applications filed with him, and if satisfied of the proof of such claim and application, approve the same and direct payment thereof, and shall make any regulation necessary to the efficient administration of the provisions of this chapter. The books, papers, and records, together with the filing cases and equipment procured and used in the administration of this chapter, shall become a part of the permanent records of the office of the adjutant general. The adjutant general shall have authority to determine any claim in any case where a doubt arises as to the eligibility of an applicant to receive payment, and the decision of the adjutant general in such case shall be final, except on questions of residence which shall be subject to review by a court of competent jurisdiction. The adjutant general shall authorize payment for prisoners of war upon their release and return."

The rule and regulation in issue adopted by the adjutant general provides:

"No person shall be considered a resident of North Dakota for the purpose of receiving any benefits under this Act if he was on continuous active duty in the armed forces for a period of fifteen years or more, immediately prior to August 5, 1964, and has not established actual abode in North Dakota prior to the effective date of this Act, March 29, 1971. The Attorney General's opinion states that the veteran must have been completely separated from continuous active duty. He then must have returned to North Dakota and re-established his home in the State of North Dakota prior to the effective date of this Act, March 29, 1971."

It is agreed that the office of the adjutant general is an administrative agency under our law, and that the rules and regulations were promulgated in compliance with the requirements of the statutes.

The plaintiff Horst has served in the Navy for more than twenty-five years. He was a North Dakota resident when he entered the Navy and returned to North Dakota as a Navy recruiter on July 22, 1969, and continues in that capacity. Upon return to North Dakota, he rented living quarters, first an apartment and then a house, in which he resides with his family. He has voted in North Dakota in recent years and it appears that he has not established residence in any other state. He is a career Navy man.

Horst was denied adjusted compensation under the Act, by the adjutant general, on two grounds: (1) that he is not separated from the service; and (2) that under subsection 8(d), which provides that "[n]o person shall be considered a resident of North Dakota for the purpose of receiving any benefits under this act if he was on continuous active duty in the armed forces for a period of fifteen years or more, immediately prior to August 5, 1964, and has not established actual abode in North Dakota prior to the effective date of this chapter," he is not a resident within the terms of the adjusted compensation Act.

The two issues for determination here are whether the regulation issued by the adjutant general requiring that veterans be separated from service is valid, and whether that portion of Section 37–25–02(8)(d), N.D.C.C., quoted above, is applicable to define a resident under subdivisions a, b and c of said subsection 8 of Section 37–25–02, N.D.C.C.

The trial court held, as to Issue 1, that the regulation issued by the adjutant general was unreasonable, arbitrary and beyond the scope of the legislation, and was, therefore, void; and that, as to Issue 2, it was the opinion of the trial court that the fifteen-year limitation, referred to in Section 37–25–02(8)(d), N.D.C.C., is not applicable to subdivisions a, b and c of that section. It therefore entered a judgment on remand, decreeing that Horst, and all others similarly situated, are eligible for adjusted compensation under Chapter 37–25, N.D.C.C., designated as the Vietnam Conflict Veterans' Adjusted Compensation Act.

We disagree with the trial court. First, we find that the eligibility requirement that an applicant for adjusted compensation be separated from the service is reasonable and in compliance with the Act; and, second, that the fifteen-year limitation contained as a part of subdivision d, subsection 8, of Section 37–25–02, N.D.C.C., is also applicable to subdivisions a, b and c. Therefore we sustain the decision of the adjutant general and reverse the trial court.

The ten sections of Chapter 37–25, N.D.C.C., which comprise the "Vietnam Conflict Veterans' Adjusted Compensation Act" are a complete and independent statutory enactment authorized by Article 87 of the Constitution and, for the purpose of interpretation and application, these ten sections must be read together in the light of the authorizing constitutional provision which prompted the enactment. Hjelle v. Sornsin Construction Company, 173 N.W. 2d 431 (N.D.1970); State v. Miller, 129 N.W.2d 356 (N.D.1964). Article 87 of the Constitution provides, in part:

"Such adjusted compensation shall be paid from the proceeds of the bonds at rates equal to the rates provided by law for adjusted compensation paid by the state of North Dakota to veterans of World War II and the Korean conflict on the basis of terms of service and such other terms and conditions as the legislative assembly may provide."

A statute must be construed as a whole, with the view of arriving at the intent of the Legislature. Beck v. Workmen's Compensation Bureau, 141 N.W.2d 784 (N.D.1966); Northwestern Sav. & Loan Ass'n v. Baumgartner, 136 N.W.2d 640 (N.D.1965); State v. Sheridan County, 72 N.D. 254, 6 N.W.2d 51 (1942).

In construing statutes the courts must take judicial notice of the history of the terms employed and, where statutes have been in existence for a long period of time, it must be presumed that the Legislature has at all times been aware of the meaning originally attaching to those terms. Monson v. Nelson, 145 N.W.2d 892, 899 (N.D.1966); Eddy v. Krekow, 54 N.D. 220, 209 N.W. 225 (1926).

The people of this State, from 1948 to 1970, approved three constitutional amendments authorizing the Legislature to enact laws to provide for the payment of adjusted compensation (bonus) to the veterans of World War II (Constitution, Article 59, approved June 29, 1948), the Korean conflict (Constitution, Article 65, approved June 26, 1956), and the Vietnam conflict (Constitution, Article 87, approved September 1, 1970), which resulted in the enactment of legislation providing for the payment of adjustment compensation to North Dakota veterans of World War II (Session Laws 1949, Chapter 236), North Dakota veterans of the Korean Conflict (Session Laws 1957, Chapter 242), and North Dakota veterans of the Vietnam conflict (Session Laws 1971, Chapter 346, codified as Chapter 37–25 of the North Dakota Century Code). These three legislative Acts are almost identical except as to the conflict to which each has reference. In each of the two earlier Acts, the definitions of a "veteran," "honorable and faithful service," and "resident" are identical with Section 37–25–02, N.D.C.C. (subsection 2, defining a "veteran"; subsection 4, defining "honorable and faithful"; and subsection 8, defining a "resident"), except for the date and period of service referred

to in subdivision d, of subsection 8 of said Section 37–25–02, N.D.C.C.

Following the enactment of the World War II Adjusted Compensation Act, the adjutant general adopted rules and regulations governing the administration of the provisions of that Act. These rules and regulations were approved by the attorney general. The same procedure was followed upon the adoption of the Korean Conflict Veterans' Adjusted Compensation Act, and again following the enactment of the Vietnam Conflict Veterans' Adjusted Compensation Act. In each case the same rules and regulations, with modifications to fit the particular Act, were approved by the attorney general. Under date of June 4, 1952, the attorney general approved the rules and regulations of the adjutant general, determining, among other things, that in order to be eligible a veteran must be completely separated from continuous active duty. Under the Vietnam Conflict Veterans' Adjusted Compensation Act the attorney general, under date of June 22, 1971, concurred in his opinion of June 4, 1952, stating:

"The conclusions reached in the opinion of June 4, 1952, would be applicable to the same language found in the Viet Nam Bonus Act."

Through these rules and regulations the term "separated or separation" is defined as follows:

"The term 'separated or separation' when used in referring to separation from service in the Armed Forces of the United States, shall mean separated or separation from active duty in such forces. It may be effected by discharge from service in the Armed Forces of the United States, by death occurring while on active duty and assignment to an inactive reserve or retirement status."

And, in defining "honorably and faithfully," the rules and regulations state:

"The term 'honorably and faithfully' shall refer to a separation from the active service which is either 'honorable' or under honorable conditions as evidenced by the veterans documents of separation."

The Vietnam Conflict Veterans' Adjusted Compensation Act, as did the Korean and World War II Acts, provides for payment to the beneficiary of the veteran who died in active service. It states as follows:

"In the case of a veteran who died in active service during the period of service, there shall be paid to the beneficiary of such veteran an amount as determined by section 37–25–03, provided that in no case shall such beneficiary be paid less than six hundred dollars." Section 37–25–04, N.D.C.C.

In order for a beneficiary to make claim in the case of a veteran who died in active service, the Act makes it necessary that the claimant furnish proof "that his service was honorable and faithful," as provided in subdivision c, of subsection 4, of Section 37–25–02, N.D.C.C., which is quoted above.

On the basis of our analysis of these Acts, the rules and regulations of the adjutant general, and Article 87 of the Constitution, we find that the attorney general's opinion, and consequently the adjutant general's rules and regulations requiring that a veteran must have completely separated from continuous active duty, is a correct one. The Act, so construed, does not make available adjusted compensation to a person who is still in continuous active duty of the armed forces of the United States.

The next issue for consideration is: Does that portion of Section 37–25–02(8)(d), N.D.C.C., which states "[n]o person shall be considered a resident of North Dakota for the purpose of receiving any benefits under this act if he was on continuous active duty in the armed forces for a period of fifteen years or more, immediately prior to August 5, 1964, and has not established actual abode in North Dakota prior to the effective date of this chapter" apply to subdivisions a, b and c of

subsection 8 of said Section 37–25–02, N. D.C.C.

Horst argues that the last sentence in said subdivision (d) is applicable only to the special residency determinations made under that subdivision and has no application to the definition of a resident contained in subdivisions a, b and c. The attorney general argues that this sentence has an overriding application on all questions or matters pertaining to residents; that if it were not given such application it would be meaningless. The adjutant general, in the rules and regulations approved by the attorney general, applied this sentence generally to all qualifications for residency. The rule states:

> "No person shall be considered a resident of North Dakota for the purpose of receiving any benefits under this Act if he was on continuous active duty in the armed forces for a period of fifteen years or more, immediately prior to August 5, 1964, and has not established actual abode in North Dakota prior to the effective date of this Act, March 29, 1971."

No rule or regulation was promulgated by the adjutant general defining a resident except as provided in subdivisions a, b and c. It is clear from the rules and regulations adopted by the adjutant general that the sentence in question was applied to all of the subdivisions of subsection 8 of Section 37–25–02, N.D.C.C., as well as in the denial of Horst's application for adjusted compensation in this case.

■ Every reasonable presumption is in favor of the constitutionality of any law and said presumption is conclusive in the absence of clear proof to the contrary. Montana-Dakota Utilities Co. v. Johanneson, 153 N.W.2d 414 (N.D.1967); State v. Gamble Skogmo, Inc., 144 N.W.2d 749 (N. D.1966); Menz v. Coyle, 117 N.W.2d 290 (N.D.1962); International Printing Pressmen & Assist. U. v. Meier, 115 N.W.2d 18 (N.D.1962).

■ We find the language of the statute is clear, certain and unambiguous and the only duty of the courts is to give effect to the legislative intent expressed therein and if the statute does not violate some provisions of our constitution, the court must give effect to the law. Asbury Hospital v. Cass County, 72 N.D. 359, 7 N.W. 2d 438 (1943).

■ Although we see no ambiguity in this statute, Horst argues alternatively that if the provision is ambiguous the rule of ejusdem generis restricts the general fifteen-year limitation to those residents specially enumerated in subdivision (d). However, subdivision (d) is identical, except for the term of years, to each of the adjusted compensation Acts (World War II, Korean conflict and Vietnam conflict) referred to above. Further, the rules and regulations promulgated by the adjutant general and approved by the attorney general are also the same and are based on a proper construction of the statute as we have interpreted it in this opinion. We have often held that in construing a statute of doubtful meaning the court will give weight to the long-continued, practical construction placed thereon by the officers charged with the duty of executing and applying the statute. Giese v. Engelhardt, 175 N.W.2d 578 (N.D.1970); Blair v. City of Fargo, 171 N.W.2d 236 (N.D.1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1123, 25 L.Ed.2d 397 (1970); Walker v. Weilenman, 143 N.W.2d 689 (N.D.1966); State Tax Commissioner v. Tuchscherer, 130 N. W.2d 608 (N.D.1964).

■ Furthermore, the Legislature, in enacting the Vietnam Conflict Veterans' Adjusted Compensation Act must be presumed to have known the construction placed upon the same language contained in the World War II and Korean conflict Acts. State v. Horne, 98 N.W.2d 150 (N. D.1959); Kiner v. Well, 71 N.W.2d 743 (N.D.1955). If the practical construction of the prior Acts by the adjutant general and the attorney general was erroneous,

the Legislature could have corrected it in the enactment of the later Act. It made no changes and, therefore, under the circumstances, we think that the construction placed upon this section by the attorney general and the adjutant general is entitled to great weight in resolving the question of construction now before us, and would be determinative were we in doubt. The same rule would also be applicable to the rules and regulations promulgated by the adjutant general, based on the opinion of the attorney general which provides that a claimant for adjusted compensation must be separated from continuous active duty, were we in doubt as to its being in conformity with the scope of the legislation.

For the reasons aforesaid, the judgment of the trial court is reversed.

ERICKSTAD, C. J., and VOGEL, PAULSON and KNUDSON, JJ., concur.