**APPLE CREEK TOWNSHIP, a Public Corporation, Plaintiff-Appellant,**

v.

**CITY OF BISMARCK, a Public Corporation, Defendant-Appellee.**

**Civ. No. 9475.**

Supreme Court of North Dakota.

Oct. 31, 1978.

Rehearing Denied Nov. 28, 1978.

Chapman & Chapman, Bismarck, for the appellant; argued by Daniel J. Chapman, Bismarck.

John A. Zuger, City Atty., Bismarck, for appellee.

PAULSON, Justice.

Apple Creek Township has appealed to this court from the Burleigh County District Court's declaratory judgment regard-

ing the power of a city to exercise zoning authority in the 2-mile area adjoining its corporate limits. The district court held that § 40–47–01.1 of the North Dakota Century Code enables the City of Bismarck to exercise exclusive zoning control over all territory located within two miles of its city limits, despite the fact that the same territory is situated within an organized township which has already exercised its zoning authority. We affirm.

The parties in this case are in general agreement on the facts. The City of Bismarck, an incorporated municipality, has attempted to exercise zoning authority pursuant to § 40–47–01.1, N.D.C.C., in territory situated within Apple Creek Township, an organized township. Apple Creek Township, which had previously established a zoning commission and promulgated regulations within the disputed 2-mile area adjacent to the city of Bismarck, brought an action for a declaratory judgment pursuant to § 32–23–01, N.D.C.C., for an interpretation of § 40–47–01.1, N.D.C.C. The district court, in interpreting § 40–47–01.1, N.D.C.C., ruled that Apple Creek Township was unincorporated territory within the meaning of this statute and the City of Bismarck could establish zoning ordinances in Apple Creek Township territory located within two miles of the Bismarck city limits.

The sole issue for determination by this court involves the interpretation of the term "unincorporated territory" as used in § 40–47–01.1, N.D.C.C., i. e., does the term "unincorporated territory" include all territory not located within an incorporated city or an organized township, or does it include all territory not located within an incorporated city?

Section 40–47–01.1, N.D.C.C., provides in pertinent part:

"*Territorial authority of zoning regulations.*—Based upon the population of the city . . . the governing body of a city may, by ordinance, extend the application of a city's zoning regulations:

1. To unincorporated territory located within one-half mile of its limits in any direction if it is a city having a population of less than five thousand.

2. To unincorporated territory located within one mile of its limits in any direction if it is a city having a population of five thousand or more, but less than twenty-five thousand.

3. *To unincorporated territory located within two miles of its limits in any direction if it is a city having a population of twenty-five thousand or more.*[1]

Provided, that where two or more non-contiguous cities have boundaries at a distance where there would be an overlap of zoning authority under this section, each city is authorized to control the zoning of land on its side of a line established in proportion to the authority each city has to zone land outside its limits in accordance with this section or pursuant to mutual agreement. The governing body may thereafter enforce such regulation in the area to the same extent as if such property were situated within the city's corporate limits. . . ." [Emphasis added.]

Chapter 1–02, N.D.C.C., contains the rules to be used in interpreting the North Dakota Century Code. Section 1–02–01, N.D.C.C., provides, in part:

"*Rule of construction of code.*—. . . The code establishes the law of this state respecting the subjects to which it relates . . . and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

See *Hughes v. State Farm Mutual Auto. Ins. Co.*, 236 N.W.2d 870, 882 (N.D.1975); *State v. General Insurance Company of America*, 179 N.W.2d 123, 126 (N.D.1970).

▮▮▮ As stated in *Horst v. Guy*, 219 N.W.2d 153, 157 (N.D.1974): "A statute must be construed as a whole, with the view of arriving at the intent of the Legisla-

---

1. § 40–47–01.1(3), N.D.C.C., applies in this case because Bismarck has a population exceeding 25,000.

ture." The Legislature's intent must first be sought from the language of the statute. *Monson v. Nelson*, 145 N.W.2d 892, 898 (N.D.1966).

■ According to § 1–02–05, N.D.C.C.: *"Construction of unambiguous statute. —When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."*

However, if a statute's "language is ambiguous or of doubtful meaning, then resort may be had to certain extrinsic aids". *Monson v. Nelson, supra* 145 N.W.2d at 898. *See State ex rel. Sanstead v. Freed*, 251 N.W.2d 898, 915 (N.D.1977); *Hughes v. Crime Victims Reparations Board*, 246 N.W.2d 774, 776 (N.D.1976); and *Saetz v. Heiser*, 240 N.W.2d 67, 71–72 (N.D.1976).

Section 1–02–39, N.D.C.C., which lists certain extrinsic aids, provides, in part:

*"Aids in construction of ambiguous statutes.*—If a statute is ambiguous, the court, in determining the intention of the legislation, may consider among other matters:

1. The object sought to be attained.
2. The circumstances under which the statute was enacted.
3. The legislative history.
4. The common law or former statutory provisions, including laws upon the same or similar subjects.
5. The consequences of a particular construction.
. . ."

Another relevant rule of statutory construction is found in § 1–02–38(2), N.D.C.C., which provides:

*"Intentions in the enactment of statutes.*—In enacting a statute, it is presumed that:

. . . . .

2. The entire statute is intended to be effective. . . ."

*See Kuhn v. Beede*, 249 N.W.2d 230, 248 (N.D.1976); *Kottsick v. Carlson*, 241 N.W.2d 842, 845 (N.D.1976); and *Saetz v. Heiser, supra* 240 N.W.2d at 72.

In addition, § 31–11–05(23), N.D.C.C., which is a maxim of jurisprudence to be used in the just application of the laws of this State, provides that "The law neither does nor requires idle acts." *See State v. Thorstad*, 261 N.W.2d 899, 901 (N.D.1978); *Hermanson v. Morrell*, 252 N.W.2d 884, 892 (N.D.1977); *State ex rel. Olson v. Thompson*, 248 N.W.2d 347, 352 (N.D.1976); and *State v. Odegaard*, 165 N.W.2d 677, 681 (N.D.1969).

■ Section 40–47–01.1, N.D.C.C., is in apparent conflict with §§ 58–03–11 to 58–03–14, N.D.C.C., regarding the zoning authority of townships. Sections 58–03–11 to 58–03–14 are general provisions that set forth an organized township's zoning authority. Section 40–47–01.1, however, is a special provisions that affects the general zoning authority of a township. According to § 1–02–07, N.D.C.C., when a general provision conflicts with a special provision in another statute, "if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, . . ." Therefore, because § 40–47–01.1 and §§ 58–03–11 to 58–03–14 are in irreconcilable conflict, § 40–47–01.1, the special provision, is controlling over §§ 58–03–11 to 58–03–14, the general provisions.

In addition, § 40–47–01.1 is controlling because it was enacted more recently than were §§ 58–03–11 to 58–03–14. According to *Kershaw v. Burleigh County*, 77 N.D. 932, 47 N.W.2d 132 (1951), and *Adams County v. Smith*, 74 N.D. 621, 23 N.W.2d 873 (1946), where there is an irreconcilable conflict between statutes it will be presumed that the Legislature intended that the earlier statute should give way to the later one.

■ In interpreting the meaning of "unincorporated territory" we must first determine whether the term is ambiguous or can be construed only one way. Apple Creek Township asserts that "unincorporated territory" means territory that is not part of a corporate public body. Because Apple Creek Township is a civil township organized according to § 58–02–01, N.D.C.C., it is

a "body corporate" according to § 58–03–01, N.D.C.C. Apple Creek Township claims that its status as a body corporate excludes it from the definition of "unincorporated territory" and, therefore, the City of Bismarck cannot enact zoning regulations within the township.

The City of Bismarck, on the other hand, asserts that "unincorporated territory" was intended to mean any area outside of an incorporated city. According to the North Dakota Century Code, cities are "bodies politic and corporate" (§ 40–01–02, N.D.C.C.); an organized township is a "body corporate" (§ 58–03–01, N.D.C.C.); and an organized county is a "body corporate" (§ 11–10–01, N.D.C.C.). However, the City's position finds some support in considering the manner in which the three types of "bodies corporate" are formed. Pursuant to the North Dakota Century Code, a county is "organized" (§§ 11–02–01, 11–02–02, N.D.C.C.); a township is "organized" (§ 58–02–01, N.D.C.C.); but a city is "incorporated" (§ 40–02–01, N.D.C.C.).

■ Because the interpretations of § 40–47–01.1, N.D.C.C., asserted by both parties are plausible, we find that the term "unincorporated territory" is ambiguous. Therefore, we may consider the extrinsic interpretation factors set forth in § 1–02–39, N.D.C.C., in addition to the language of § 40–47–01.1, N.D.C.C.

■ After considering the available legislative committee reports related to the enactment of § 40–47–01.1, N.D.C.C., it appears that the statute's purpose is to give zoning control to cities to enable cities to plan for the orderly development of their adjacent fringe areas. The statements before the legislative committees of proponents and opponents of the zoning legislation indicate that both sides realized that if the bill [S.B. 2395, 1975 Legislative Assembly] passed, it would give a city complete zoning control in an area surrounding the city and would remove zoning authority in that surrounding area from the adjacent township or county. Because in the most heavily populated parts of the State cities are surrounded by organized townships, if we were to adopt Apple Creek's definition of "unincorporated territory" such zoning by the cities would be prohibited. The legislative committee reports indicate that the Legislature intended "unincorporated territory" to mean all territory not located within another incorporated city.

■ In addition, if we were to adopt Apple Creek's interpretation of "unincorporated territory", § 40–47–01.1, N.D.C.C., would be completely ineffective. As stated before, incorporated cities, organized townships, and organized counties are "bodies corporate". Because all land in North Dakota is located within a city, an organized township, or an organized county, according to Apple Creek Township's interpretation all land within the State would be incorporated territory. Therefore, there would be no "unincorporated territory" over which a city could extend its zoning authority and the legislative enactment of § 40–47–01.1, N.D.C.C., would be an idle act and the statute itself would be a nullity. The rules of statutory interpretation and the maxims of jurisprudence militate against such a result. As was stated in *State v. Jelliff*, 251 N.W.2d 1, 7 (N.D.1977), "statutes must be construed to avoid ludicrous and absurd results, . . ."

■ We conclude that the Legislature, in enacting § 40–47–01.1, N.D.C.C., intended to give cities the power to establish zoning control beyond their corporate limits. We further determine that the Legislature intended the term "unincorporated territory" to mean any territory not located within the boundaries of another incorporated city.[2] Therefore, we hold that Apple Creek Township is "unincorporated territory" within the meaning of § 40–47–01.1, N.D.C.C., and the City of Bismarck may establish zoning controls over the area of Apple Creek Township, that is located within two miles of the Bismarck city limits, in accordance with the statute.

**2.** Accord, *City of Olivette v. Graeler*, 338 S.W.2d 827, 833–834 (Mo.1960).

The declaratory judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VandeWALLE and SAND, JJ., concur.