**HAPPY DAY DAY CARE CENTER,**
Appellant,

v.

**SOCIAL SERVICE BOARD OF NORTH DAKOTA, Appellee.**

Civ. No. 10023.

Supreme Court of North Dakota.

Dec. 22, 1981.

Fintan L. Dooley, Bismarck, for appellant.

Blaine L. Nordwall, Asst. Atty. Gen., Bismarck, for appellee.

SAND, Justice.

Happy Day Day Care Center [Center] appealed from a district court judgment which dismissed for lack of subject matter jurisdiction its appeal from a decision of the

Social Service Board of North Dakota [Board] which upheld a recommendation by the appeals referee supervisor for the Board, Thomas Dahle, to revoke the Center's license to operate a day care center.

Following complaints from parents as to child abuse and neglect at the Center, the Ward County Social Service Board, in cooperation with the Minot area Social Service Center, investigated child care practices in the Center. At the conclusion of the investigation, a notice of intent to revoke the day care license dated 12 Mar. 1980 was issued under the signature of the day care supervisor from the Board, Shirley Dykshoorn.

The Center filed a request for an administrative hearing dated 17 Mar. 1980 and a four-day hearing was held before referee Dahle at the area social service center in Minot, North Dakota. The dates of the hearing were 3 Apr. 1980, 8 May 1980, 9 May 1980, and 12 May 1980. During the course of the hearing exhibits and oral testimony were introduced into evidence.

On the last day of the hearing in Minot and after all the testimony and exhibits were introduced, referee Dahle invited counsel for the parties to submit written arguments on law and fact to assist him in preparing a recommendation to present to the Board. After receiving the written arguments, referee Dahle recommended that the Board affirm and uphold the action of the supervisor of day care services and revoke the license to operate the Center. The Board initially considered Dahle's recommendation (proposed finding of fact and recommended decision) at their 22 Aug. 1980 meeting in Bismarck, N. D. The record reflects that the Board did not have an opportunity to examine the proposed findings as against the record because the findings were received by some members of the Board the day before the meeting. The record suggests that the Board was particularly concerned with the wording of the findings and that the findings were supported in the record so as to withstand review by a court. The Board deferred a decision until its meeting on 18 Sept. 1980

in Bismarck and accepted referee Dahle's recommendation in a decision dated 23 Sept. 1980 and affirmed his recommendation to revoke the license of the Center.

The Center appealed the Board's decision to the district court of Burleigh County. The Board moved to dismiss the appeal for lack of subject matter jurisdiction because it was filed in the district court in Burleigh County rather than the district court in Ward County where the "hearing" was held. The motion was granted and order of dismissal and judgment were issued. The Center filed motions for relief from the order and judgment. The motions were denied and the Center appealed to this Court.

The dispositive issue of this appeal is whether or not the district court of Burleigh County had subject matter jurisdiction of the appeal from the Board's decision.

Section 28–32–15, North Dakota Century Code, provides, in part, as follows:

"Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. *Such appeal may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held . . . ."* [Emphasis added.]

The parties agree that no district court is designated by law to hear appeals from decisions by the Board.

The Center asserts that the administrative tribunal took no final action until the notice of decision was issued in Bismarck on 23 Sept. 1980. The Center further asserts that an element of a common law "hearing" was the right to be heard upon the force of the evidence deduced by both sides and

upon the applicable law,[1] and that if this right is denied, due process has not been observed. Based on the foregoing, the Center contends that the "hearing or a part thereof" was held in Burleigh County and the appeal to the district court in Burleigh County was proper.

The Board asserts that the term "hearing" contemplates taking of testimony and evidence and that because this was done in Ward County, in Minot, the district court in Ward County was the proper court to hear the appeal and the district court of Burleigh County properly dismissed the appeal for lack of subject matter jurisdiction.

In *Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570 (N.D. 1971), an appeal was taken to the district court in Burleigh County from an order entered after a hearing before the barber board in Cass County. We held that the district court of Burleigh County was without jurisdiction to hear the appeal and also made the following statements:

"On an appeal from a determination of an administrative agency the district court does not exercise original jurisdiction vested in it by the constitution. It exercises appellate jurisdiction conferred upon it by statute. [Citations omitted.] In order for the district court to acquire jurisdiction of an appeal from an administrative agency, the appeal must be taken to 'the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held.' [Citation omitted.] It is this territorial jurisdiction which gives the court the power to act on the subject matter of the action." *Wagner v. North Dakota Board of Barber Examiners* at 572.

See also, *City of Casselton v. North Dakota Public Service Commission*, 307 N.W.2d 849 (N.D.1981).

Although these cases are helpful, they are not dispositive of whether or not the deliberations of the Board, made in consideration of referee Dahle's recommendation, constitute a "hearing or part thereof" with-

in the meaning of NDCC § 28–32–15. We must also consider our rules of statutory construction to determine the proper interpretation of the word "hearing."

The primary purpose of statutory construction is to ascertain the intent of the Legislature. *State v. Moore*, 286 N.W.2d 274 (N.D.1979); *Hughes v. State Farm Mutual Automobile Insurance Co.*, 236 N.W.2d 870 (N.D.1975). A statute must be considered as a whole with a view toward arriving at the intent of the legislature. *Apple Creek Township v. City of Bismarck*, 271 N.W.2d 583 (N.D.1978); *Horst v. Guy*, 219 N.W.2d 153 (N.D.1974). In construing a statutory provision a strong effort must be made to give meaning to every word, clause, and sentence in the enactment *Brenna v. Hjelle*, 161 N.W.2d 356 (N.D.1968). The Legislature's intent in enacting a statute is first sought in the language of the statute. *Apple Creek Township v. City of Bismarck, supra.* In interpreting a statute words are to be given their plain, ordinary, and commonly understood meaning; and consideration should be given to the ordinary sense of statutory words, the context in which they are used, and the purpose which prompted their enactment. Section 1–02–12, NDCC; *Weber v. State Farm Mutual Automobile Insurance Co.*, 284 N.W.2d 299 (N.D.1979).

If a statute is clear and unambiguous, the letter of the statute cannot be disregarded in the pretext of pursuing its spirit because the legislative intent is presumed clear from the face of the statute. Section 1–02–05, NDCC; *Barnes County Education Association v. Barnes County Special Education Board*, 276 N.W.2d 247 (N.D.1979).

■ If a statute's language is ambiguous or of doubtful meaning, then resort may be had to extrinsic aids. *Apple Creek Township v. City of Bismarck, supra.*

■ Within the framework of an administrative agency's quasi-judicial function we do not believe the term "hearing" is ambiguous or of doubtful meaning so as to re-

<hr>

1. See *Ekern v. McGovern*, 154 Wis. 157, 142     N.W. 595 (1913).

quire resort to extrinsic aids to ascertain its meaning.

Webster's Second College Edition defines "hearing" as:

"... a formal meeting (as of an investigative body or legislative committee) before which evidence is presented, testimony is given, etc."

The structure of the administrative agency procedure act and the decision-making process of a particular agency contemplates that the actual rendering of a decision by an agency may be separated from taking testimony and receiving exhibits.

In this respect NDCC § 28–32–06 provides that "No information or evidence except such as shall have been offered and made a part of the official record of the hearing shall be considered by the administrative agency."

We also note that the social service board has promulgated rules in Chapter 75–01–03, North Dakota Administrative Code, to govern its procedures. These rules, in substance, provide that a "hearing shall be in the county seat of the county in which the claimant is living at the time of the hearing." NDAC § 75–01–03–14. After the hearing has been closed, the administrative hearing officer shall issue his proposed decision for review by the appeals review supervisor and submission to the board. NDAC § 75–01–03–21. After receiving the proposed decision, the board may adopt the decision in its entirety; decide the matter itself on the record with or without taking additional evidence; or order another hearing.

These provisions and the structure of an administrative agency decision-making process contemplate a situation such as the instant case in which a hearing is held and subsequently a decision is rendered based upon the recommendations of a hearing officer and the record of the evidence and testimony introduced at the hearing.

The "hearing" is held before an appeals referee in the county of the claimant and a final "decision" based upon the evidence and testimony presented at the hearing is made by the Board at its meeting.

The Center points out that, through its counsel, it reserved the right to respond to Referee Dahle's recommended decision by presenting responsive arguments of fact and that the Board accepted for consideration the Center's written responsive arguments of fact.[2] However, the presentation of additional written argument of facts cannot be extended to include the concept of the receipt of exhibits and testimony at a hearing. In this instance there was no additional testimony given or exhibits received at either of the Board's meetings in Bismarck.

■ We believe that the proper statutory construction of the term "hearing" within the framework of the administrative agency procedure act and the agency's quasi-judicial function is established to include those functions at which evidence is presented and testimony is given. The term "hearing," within this framework does not necessarily include the presentation of written argument, although written or oral argument may be presented at the same time and place of the presentation of testimony and exhibits.

■ In this instance there was no additional evidence or testimony presented at the Board's meeting where the decision was made and because the evidence was presented and testimony given at the hearing in Minot, we conclude that that "hearing" was held in Minot and the appeal to the district court of Burleigh County was not proper.

Accordingly, the judgment of the district court of Burleigh County dismissing the Center's appeal for lack of subject matter jurisdiction is affirmed.

ERICKSTAD, C. J., and PAULSON and VANDE WALLE, JJ., concur.

2. These arguments were not presented to Referee Dahle before he made his recommendation to the Board. The presentation of these written arguments by counsel for the Center was objected to by counsel for the Board.

PEDERSON, Justice, concurring specially.

Recently I dissented from the results when this court applied a strict interpretation to procedural statutes applicable to an attempted appeal from an administrative determination. *Amoco Oil v. Job Service*, 311 N.W.2d 558 (N.D.1981). If there were indications that the Social Service Board determination was absurd, I would dissent from the results here also. But as far as I know there is no claim of absurdity and no affidavit of merits is presented here. The principle of separation of powers prevents the judiciary from unnecessarily interfering with the operation of the executive. Administrative determinations may be challenged, when there is no appeal allowed, through special proceedings (*e.g.*, §§ 32–33–01, 32–34–02 and 32–35–02, NDCC). The relief from an administrative determination, available pursuant to the special remedies statute when there is no appeal authorized, surely should be available when an appeal is provided—if it is properly presented.