AGGIE INVESTMENTS GP,
Intervenor and Appellant,

v.

PUBLIC SERVICE COMMISSION OF NORTH DAKOTA and Northern States Power Company, Respondents and Appellees.

Civ. No. 890164.

Supreme Court of North Dakota.

Feb. 2, 1990.

Myer R. Shark (argued), Fargo, and Ralph B. Maxwell (no appearance), Maxwell Law Office, Fargo, for intervenor and appellant.

William W. Binek (argued), and Illona A. Jeffcoat–Sacco (no appearance), Asst. At-tys. Gen., Public Service Com'n, Bismarck, for respondent and appellee Public Service Com'n.

Daniel S. Kuntz (argued), of Zuger, Kirmis, Bolinske & Smith, Bismarck, and David A. Lawrence (no appearance), Northern States Power Co., Minneapolis, Minn., for respondent and appellee Northern States Power Co.

LEVINE, Justice.

Aggie Investments GP [Aggie] appeals from a district court judgment dismissing for lack of subject matter jurisdiction its appeal from an order of the North Dakota Public Service Commission [PSC] approving an electric rate settlement offer submitted by Northern States Power Company [NSP]. We reverse and remand for further proceedings.

On July 31, 1987, NSP filed an application with the PSC requesting that it be allowed to increase electric rates charged to its North Dakota customers. The PSC suspended the rate increase pending staff investigation, formal hearing, and issuance of a final order. The PSC order suspending the proposed rates announced that "public input hearings" were scheduled in Fargo, Grand Forks, and Minot on September 22, 23, and 24, 1987; "to give the public opportunity to present comments or statements on NSP's proposed rate increase." A "technical hearing" was scheduled for January 5, 1988, in Bismarck "to take testimony and evidence" from NSP, PSC staff, consultants, and intervenors.

Although members of the public appeared at the Fargo public input hearing and voiced their concerns about the proposed rate increase, no exhibits were formally offered or received in evidence and no statements were taken under oath. Aggie was later allowed by the PSC to intervene in these proceedings.

Technical hearings were subsequently held in Bismarck. In March 1988, the PSC issued an order denying the increased rates and directing NSP to file new rates. Both NSP and Aggie filed petitions for rehearing which were granted by the PSC. On December 13, 1988, the PSC issued an or-

der approving a settlement offer submitted by NSP.

On January 16, 1989, Aggie appealed from this order by filing its notice of appeal with the district court for Cass County. NSP moved to dismiss the appeal on the ground of lack of subject matter jurisdiction. The district court dismissed the appeal, agreeing with NSP that the Fargo public input hearing did not constitute a "hearing" for purposes of determining subject matter jurisdiction for an appeal from an administrative agency decision under N.D.C.C. § 28–32–15, and this court's decision in *Happy Day Day Care Center v. Social Service Board of North Dakota*, 313 N.W.2d 768 (N.D.1981) [*Happy Day*]. Aggie appealed the district court's dismissal to this court.

Section 28–32–15, which governs the jurisdiction of a district court to consider an appeal from a determination of an administrative agency, provides in pertinent part:

"*28–32–15. Appeal from determination of agency—Time to appeal—How appeal taken.*— Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. Such appeal may be taken to the district court designated by law, and if none is designated, then to *the district court of the county wherein the hearing or a part thereof was held . . . .*" [Emphasis added].

Because no district court is designated by law to hear appeals from orders issued by the PSC [*see City of Casselton v. N.D. Public Service Commission*, 307 N.W.2d 849, 851 (N.D.1981)], the district court for Cass County had subject matter jurisdiction to entertain Aggie's appeal only if "the hearing or a part thereof" was held in Fargo. NSP relies on *Happy Day, supra,* in support of its argument that the Fargo public input hearing did not constitute a

"hearing or a part thereof" within the meaning of § 28–32–15.

In *Happy Day, supra,* the appellant attempted to apeal from an order of the Social Service Board revoking the appellant's license to operate a day care center. A four-day hearing before a referee had been held in Minot, during which exhibits and oral testimony were introduced into evidence. The referee invited counsel for the parties to submit written arguments on law and fact to assist him in preparing a recommendation to present to the Board. After receiving the written arguments, the referee recommended that the appellant's license to operate be revoked. The Board considered the referee's recommendation at two meetings held in Bismarck, after which the Board affirmed the recommendation. The appellant filed the appeal with the district court for Burleigh County, which dismissed the appeal for lack of subject matter jurisdiction on the ground that the appeal should have been filed in Ward County where the "hearing" was held.

In affirming the dismissal, this court rejected the argument that the Board's consideration of the referee's recommendation in Bismarck constituted a "hearing or a part thereof" within the meaning of § 28–32–15. We also rejected the appellant's argument that a "hearing" occurred in Bismarck because its counsel reserved the right to respond to the referee's recommendation and because the Board considered those written arguments in reaching its decision:

"[T]he presentation of additional written argument of facts cannot be extended to include the concept of the receipt of exhibits and testimony at a hearing. In this instance there was no additional testimony given or exhibits received at either of the Board's meetings in Bismarck.

"We believe that the proper statutory construction of the term 'hearing' within the framework of the administrative agency procedure act and the agency's quasi-judicial function is established to include those functions at which evidence is presented and testimony is given. The

term 'hearing,' within this framework does not necessarily include the presentation of written argument, although written or oral argument may be presented at the same time and place of the presentation of testimony and exhibits.

"In this instance there was no additional evidence or testimony presented at the Board's meeting where the decision was made and because the evidence was presented and testimony given at the hearing in Minot, we conclude that that 'hearing' was held in Minot and the appeal to the district court of Burleigh County was not proper." *Happy Day, supra*, 313 N.W.2d at 771.

NSP interprets *Happy Day* as requiring that exhibits must be formally offered and received in evidence or that a witness' testimony must be given under oath in order for a public input hearing to constitute a "hearing or a part thereof." We disagree.

The court in *Happy Day* was not primarily concerned with whether the Minot hearings, during which exhibits and testimony happened to be introduced in evidence, constituted a "hearing" for purposes of appellate jurisdiction. Rather, the issue was whether the Board's decision-making meetings in Bismarck, during which only an attorney's written argument was presented, constituted a "hearing or a part thereof" under § 28–32–15 sufficient to place appellate jurisdiction in Burleigh County. The public input hearing held in Fargo in this case differs substantially from the Board's decision-making meetings at issue in *Happy Day*.

In *Happy Day, supra*, 313 N.W.2d at 771, we adopted the rather broad definition of "hearing" found in Webster's Second College Edition dictionary: " 'a formal meeting (as of an investigative body or legislative committee) before which evidence is presented, testimony is given, etc.' " Under this definition, we believe that the Fargo public input hearing constituted a "hearing or a part thereof" for determining appropriate appellate jurisdiction.

The Fargo public input hearing was publicly noticed as a "hearing" by the PSC and was intended to give the public an opportunity to present statements on NSP's proposed rate increase. A hearing examiner presided over the proceedings. Local citizens attended the hearing and voiced their concerns over the proposed rate increase. The proceedings were transcribed by a court reporter.

Although persons attending the hearing were informed through a PSC handout entitled "Procedure in Major Rate Cases" that they could be sworn as witnesses if they wanted their statements to be part of the "official record," we do not believe that the absence of sworn testimony and formally introduced evidence renders the public input hearing any less a "hearing" for appellate jurisdiction purposes. "The word 'hearing' contemplates an opportunity to be heard." *State v. Milhollan*, 50 N.D. 184, 195 N.W. 292, 295 (1923). Unlike the ultimate decision-making meetings at issue in *Happy Day*, the Fargo public input hearing clearly contemplated the public's opportunity to have their statements included as part of the "official record."

NSP asserts that allowing a public input hearing, where no sworn testimony is given and no exhibits are formally introduced in evidence, to be considered a "hearing" for jurisdictional purposes "will result in real confusion and uncertainty regarding the proper forum for future administrative appeals." We see less uncertainty in treating a public input hearing as a "hearing" than in conditioning that determination on an after-the-fact appraisal of whether witnesses were sworn or exhibits were formally introduced in evidence, and if so, whether the testimony or exhibits were properly received in evidence. We do not believe the Legislature intended that appellate jurisdiction rest upon such fine legal nuance when it enacted § 28–32–15.

We conclude that the Fargo public input hearing was a "hearing or a part thereof" under § 28–32–15, and that the district court for Cass County had subject matter jurisdiction to entertain Aggie's appeal.

Aggie also renews its motion for a stay of the PSC's December 1988 order approving the settlement agreement. We have previously denied Aggie's motion for a

stay, and Aggie has not persuaded us that our previous decision on the matter was in error.

Accordingly, the district court judgment dismissing Aggie's appeal for lack of subject matter jurisdiction is reversed and the case is remanded for further proceedings.

MESCHKE and GIERKE, JJ., and ROY A. ILVEDSON, Surrogate Judge, concur.

VERNON R. PEDERSON and ROY A. ILVEDSON, Surrogate Judges, sitting in place of ERICKSTAD, C.J., and VANDE WALLE, J., disqualified.

VERNON R. PEDERSON, Surrogate Judge, concurring in part and dissenting in part.

I agree with the disposition pronounced in the majority opinion and with all that Justice Levine has written in the opinion except that I am persuaded that this court erred when it did not grant Aggie's motion for such stay order as would have permitted NSP to implement the increased rate schedule yet would have protected the public interest by the imposition of appropriate conditions.

Accordingly, I would include in the remand, a requirement that the trial court determine what public interest protective order is indicated under the circumstances.