# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 22

Friends of the Rail Bridge (FORB),
Downtown Business Association of
Bismarck, and CD Holdings, LLC,                                    Appellants

      v.

North Dakota Department of Water Resources
and BNSF Railway Company,                                         Appellees

### No. 20230240

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Jackson J. Lofgren, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

William J. Delmore (argued), Bismarck, ND, and Lyle G. Witham (appeared), Erie, CO, for appellants.

Erik J. Wallevand (argued) and Matthew A. Sagsveen (appeared), Assistant Attorneys General, Bismarck, ND, for appellee North Dakota Department of Water Resources.

Evan Nelson (argued) and Jason A. Lien (appeared), Minneapolis, MN, and Wade C. Mann (on brief) and Zachary R. Eiken (on brief), Bismarck, ND, for appellee BNSF Railway Company.

Tory L. Jackson, Bismarck, ND, for amicus curiae National Trust for Historic Preservation in the United States.

**Friends of the Rail Bridge, et al. v. N.D. Dep't of Water Resources, et al.**
**No. 20230240**

**McEvers, Justice.**

[¶1]   Friends of the Rail Bridge ("FORB"), Downtown Business Association of Bismarck ("DBAB"), and CD Holdings, LLC appeal from a judgment dismissing their administrative appeal for lack of subject matter jurisdiction. We affirm.

I

[¶2]   In September 2017, BNSF Railway Company ("BNSF") applied to the Department of Water Resources ("DWR")[1] for Sovereign Land Permit S-2095 to construct a new rail bridge across the Missouri River between Bismarck and Mandan, North Dakota. On December 13, 2022, FORB requested DWR conduct a "public hearing" or "public meeting" under N.D. Admin. Code § 89-10-01-07 on BNSF's permit application. On December 21, 2022, DWR responded, stating it would hold an "information-gathering public meeting" under N.D. Admin. Code § 89-10-01-07 on January 20, 2023. The meeting was duly noticed to the public.

[¶3]   On January 12, 2023, BNSF applied to DWR for Sovereign Land Permit S-2398 to remove the existing rail bridge upon the completion of the new bridge. DWR notified the public that an "information-gathering public meeting" under N.D. Admin. Code § 89-10-01-07 would be held on March 3, 2023, concerning permit application S-2398. The two public meetings were held and members of FORB, DBAB, BNSF, and the public provided written and oral comments. On April 24, 2023, DWR issued Sovereign Land Permits S-2095 and S-2398 to BNSF. Neither FORB nor DBAB requested an administrative hearing after issuance of the permits.

---

[1] At the time, DWR was known as the Office of the State Engineer.

[¶4] On May 4, 2023, FORB and DBAB appealed to the district court. CD Holdings was added as an additional appellant. DWR and BNSF moved to dismiss for lack of subject matter jurisdiction due to improper service and Appellants' failure to exhaust their administrative remedies. The court dismissed the appeal, concluding Appellants failed to perfect their appeal because they did not request a hearing under N.D.C.C. § 61-03-22, and therefore the court lacked subject matter jurisdiction to hear the appeal.

II

[¶5] Appellants argue the district court erred in concluding that they failed to perfect their appeal and that the court lacked subject matter jurisdiction. When jurisdictional facts are undisputed, a dismissal for lack of subject matter jurisdiction is reviewed de novo. *Olympic Fin. Grp., Inc. v. N.D. Dep't of Fin. Insts.*, 2023 ND 38, ¶ 10, 987 N.W.2d 329.

[¶6] The district court has appellate jurisdiction as provided by law or by rule of this Court. N.D. Const. art. VI, § 8. "Appeals from administrative agency decisions to a district court involve the exercise of appellate jurisdiction conferred by statute." *Opp v. Dir., N.D. Dep't of Transp.*, 2017 ND 101, ¶ 8, 892 N.W.2d 891. "For a district court to acquire subject matter jurisdiction over an appeal from an administrative agency decision, the appellant must satisfy the statutory requirements for perfecting an appeal." *Id.* Interpretation of a statute is a question of law. *Meier v. N.D. Dep't of Hum. Servs.*, 2012 ND 134, ¶ 6, 818 N.W.2d 774. When interpreting a statute, we look at the statute's plain language and give each word its plain and ordinary meaning unless a contrary intention plainly appears. *Id.*; N.D.C.C. § 1-02-02.

[¶7] Section 61-03-22, N.D.C.C., requires a person aggrieved by DWR's action or decision to request a hearing within 30 days and prior to appealing:

> Any person aggrieved by an action or decision of the department under this title has the right to a hearing. The department must receive a request for a hearing within thirty days after the aggrieved person knew or reasonably should have known of the action or decision. Once a hearing has been held or if the

hearing request is denied, the person aggrieved has the right to petition for reconsideration or appeal under chapter 28-32.

[¶8] The "action or decision" that Appellants alleged they have been aggrieved by is DWR's issuance of the permits to BNSF on April 24, 2023. Appellants state in their notice of appeal to the district court that they are appealing from the permits issued on April 24, 2023. It is undisputed that Appellants did not request a hearing within 30 days (or at any time) after DWR's April 24, 2023 issuance of the permits. Accordingly, no hearing was held, nor was a hearing request denied by DWR.

[¶9] Appellants argue FORB's December 13, 2022 letter to DWR was a request for a hearing under N.D.C.C. § 61-03-22 and the January 20, 2023 and March 3, 2023 meetings were hearings under N.D.C.C. § 61-03-22. In its letter, FORB requested DWR conduct a "public hearing" or "public meeting" under N.D. Admin. Code § 89-10-01-07 on BNSF's Sovereign Land Permit S-2095 application to construct a new rail bridge. Under N.D. Admin. Code § 89-10-01-07, DWR may hold an "information-gathering public meeting . . . before final action on a project." This administrative code section requested by FORB specifically provides, "The meeting is not an adjudicative proceeding hearing under North Dakota Century Code chapter 28-32." N.D. Admin. Code § 89-10-01-07(4). "Upon completion of the review and any public meeting held under section 89-10-01-07, [DWR] may grant, deny, or condition the application." N.D. Admin. Code § 89-10-01-06(3). Hearings under N.D.C.C. § 61-03-22 "must be conducted by the office of administrative hearings." N.D.C.C. § 54-57-03(1). In contrast, a public meeting "must be conducted by the department." N.D. Admin. Code § 89-10-01-07(3).

[¶10] An adjudicative proceeding under ch. 28-32 "means an administrative matter resulting in an agency issuing an order after an opportunity for hearing is provided or required" and "includes administrative matters involving . . . a hearing on an application seeking a right, privilege, or an authorization from an agency." N.D.C.C. § 28-32-01(1). At an adjudicative proceeding hearing, the parties are allowed to present evidence and to examine and cross-examine witnesses. N.D.C.C. § 28-32-21(2). Adjudicative proceedings require the agency

3

to make findings of fact, conclusions of law, and an order based upon its findings and conclusions. N.D.C.C. § 28-32-39(1). "Any party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28-32-39." N.D.C.C. § 28-32-42(1).

[¶11] DWR responded to FORB's letter, stating it would hold an "information-gathering public meeting" under N.D. Admin. Code § 89-10-01-07 on January 20, 2023. Both that meeting and the March 3, 2023 meeting were noticed to the public as an "information-gathering public meeting" under N.D. Admin. Code § 89-10-01-07. The office of administrative hearings did not conduct the proceedings on January 20, 2023, and March 3, 2023. Therefore, we conclude FORB's request citing the authority under N.D. Admin. Code § 89-10-01-07 was for a "public meeting" and the proceedings held were "public meetings," not hearings under N.D.C.C. § 61-03-22. Further, N.D.C.C. § 61-03-22 requires the hearing request be made within 30 days *after* knowing of the action or decision. FORB's request and the public meetings came *before* DWR issued the permits, which was the decision or action appealed to the district court. FORB's December 2022 request was made before BNSF even applied for Permit S-2398 in January 2023. Prior to issuing the permits, Appellants were not "aggrieved" because DWR could have denied BNSF's applications for permits. Therefore, to the extent Appellants argue the applications (which are not actions or decisions of *DWR*) or the public notices constitute an "action or decision," we reject that argument.

[¶12] Appellants cite *Aggie Investments GP v. Public Service Commission of North Dakota*, 451 N.W.2d 141 (N.D. 1990), in support of their argument that they perfected the appeal. In *Aggie*, the Public Service Commission ("PSC") held "public input hearings . . . to give the public opportunity to present comments or statements on [Northern States Power Company's] proposed rate increase." 451 N.W.2d at 141. On appeal to the district court, the court dismissed the appeal for lack of subject matter jurisdiction. *Id.* at 142. This Court reversed the district court, concluding the Fargo public input hearing

4

was a "hearing or a part thereof" under N.D.C.C. § 28-32-15 (1989)[2] and the court had subject matter jurisdiction. *Id.* at 143. We reasoned the publicly noticed hearing, although lacking sworn testimony and formally introduced evidence, constituted a "hearing or a part thereof":

> The Fargo public input hearing was publicly noticed as a "hearing" by the PSC and was intended to give the public an opportunity to present statements on [Northern States Power Company's] proposed rate increase. A hearing examiner presided over the proceedings. Local citizens attended the hearing and voiced their concerns over the proposed rate increase. The proceedings were transcribed by a court reporter.
>
> Although persons attending the hearing were informed through a PSC handout entitled "Procedure in Major Rate Cases" that they could be sworn as witnesses if they wanted their statements to be part of the "official record," we do not believe that the absence of sworn testimony and formally introduced evidence renders the public input hearing any less a "hearing" for appellate jurisdiction purposes. "The word 'hearing' contemplates an opportunity to be heard." *State v. Milhollan*, 50 N.D. 184, 195 N.W. 292, 295 (1923). Unlike the ultimate decision-making meetings at issue in *Happy Day* [*Day Care Center v. Social Service Board of North Dakota*, 313 N.W.2d 768 (N.D. 1981)], the Fargo public input hearing clearly contemplated the public's opportunity to have their statements included as part of the "official record."

*Id.*

[¶13] Here, FORB requested a "public hearing" or "public meeting" under N.D. Admin. Code § 89-10-01-07, and DWR notified the public that "information-gathering public meeting[s]" under N.D. Admin. Code § 89-10-01-07 would be held. There is no ambiguity as to the nature of the proceedings. Section 89-10-01-07(4), N.D. Admin. Code, is clear that these meetings are not "adjudicative proceeding hearing[s]." As discussed above, even if these meetings could be considered hearings, N.D.C.C. § 61-03-22 requires the hearing be held after

---

[2] Section 28-32-15, N.D.C.C., is now codified at N.D.C.C. § 28-32-42.

DWR's action or decision, not before the action or decision. At issue in *Aggie* was the jurisdictional statute in ch. 28-32, not N.D.C.C. § 61-03-22. Moreover, in *Aggie*, a hearing examiner presided over the proceedings; whereas, here, DWR, not the office of administrative hearings as required by N.D.C.C. § 54-57-03(1), conducted the meetings. *Aggie* is legally and factually different from this case.

[¶14] Appellants contend that "a permit is an 'adjudicative proceeding [that] does not involve a hearing on a complaint against a specific-named respondent'" under N.D.C.C. § 28-32-21(3)(a). Section 28-32-21, N.D.C.C., provides the procedures that agencies "shall comply with . . . in all adjudicative proceedings." Section 28-32-21 does not state that all permit applications require adjudicative proceedings. Absent a timely request for a hearing regarding a DWR action or decision, and the hearing being held or denied, an aggrieved person has no right to appeal under chapter 28-32. N.D.C.C. § 61-03-22.

[¶15] Appellants argue DWR's failure to create and certify a record or transcript of the meetings "block[s]" their right to appeal in the district court. As noted above, an appeal must be perfected before the court has the ability to hear the appeal. After an appeal is perfected, the agency is required to prepare and file the record of the proceedings before the agency. *See* N.D.C.C. § 28-32-44(2). Because Appellants did not perfect an appeal, the court lacks subject matter jurisdiction. Lacking jurisdiction, the court did not err in dismissing the appeal without requiring DWR to file the record.

[¶16] Because Appellants did not satisfy the statutory requirements for perfecting an appeal, the appeal was not properly perfected and the district court lacked subject matter jurisdiction. We conclude the court did not err in dismissing the appeal.

## III

[¶17] The parties' remaining arguments are either without merit or unnecessary to our decision. We affirm the judgment of dismissal.

[¶18]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr